SMB
7/21/08

FILED
2008 JUL 21 AM 11: 53
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Docket No. |
| Plaintiff, ) | |
| ) | COMPLAINT FOR VIOLATION OF: |
| v. ) | |
| ) | Title 8, U.S.C., Section 1326 |
| Julio ROJAS-Sanchez, ) | Deported Alien Found in the United States |
| ) | 08 MJ 2212 |
| Defendant ) | |

The undersigned complainant, being duly sworn, states:

On or about **July 20, 2008** within the Southern District of California, defendant, **Julio ROJAS-Sanchez**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **21st** DAY OF **JULY, 2008**

Leo S. Papas
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Julio ROJAS-Sanchez

## PROBABLE CAUSE STATEMENT

On July 19, 2008, at approximately 11:30 p.m., Border Patrol Agent F. Estrada-Flores responded to a call from the Remote Video Surveillance System Operator (RVSS). Estrada-Flores was notified of a group of suspected illegal aliens having entered in an area that is approximately two miles east of the San Ysidro, California Port of Entry and 75 yards north of the United States/Mexico International Boundary.

Upon arriving in the area, Agent Estrada searched the area and found eight individuals of a group of twenty-six and identified himself as a Border Patrol Agent and questioned everyone as to their citizenship. All eight, including one later identified as the defendant **Julio ROJAS-Sanchez**, admitted to being citizens of Mexico without having any immigration documents allowing them to be or remain in the United States legally. At approximately 12:31 a.m., Agent Estrada placed all eight under arrest. Further investigation of the area resulted in the arrest of the other eighteen individuals. All twenty-six individuals were transported to the Imperial Beach Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on May 27, 2008** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights, which he stated he understood and was willing to answer questions without a lawyer present. ROJAS again stated that he is a citizen of Mexico without immigration documents to be in the United States legally. ROJAS stated that he was going to Los Angeles, California to live and work.